# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 23-10337** |
| | ) | **Chapter 11** |
| **RAYMOND JOSEPH SCHNEIDER,** | ) | |
| | ) | **Judge Beth A. Buchanan** |
| | ) | |
| **Debtor and Debtor-in-Possession.** | ) | |

## OBJECTION TO EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE
### [Doc. 13]

Now comes Creditor General Electric Credit Union ("Creditor"), by and through Counsel, and hereby objects Huntington National Bank's ("Huntington") Motion for the Emergency Appointment of a Chapter 11 Trustee[1] [Doc. 13].

In summary, Creditor believes that at best the Motion seems premature, and at worst, it appears to be an inappropriate extension of the state court litigation between Huntington and Debtor. The evidence Huntington offers in support of its contention that the Debtor has committed or is in the process of committing fraud is unconvincing at this point in the proceedings.

First, Huntington argues that "one of the primary driving forces behind the bankruptcy filing was to interrupt Huntington's effort to uncover all the details of the fraudulent conveyances.[2]" It would seem that filing Chapter 11, which requires full disclosure of your assets to the U.S. Trustee, the Court, and all your creditors is not the best way to hide fraudulent

---

[1] Counsel apologizes for the brevity of this objection, which could not be more fully developed due to the limited timeframe for response after consultation with his client. However, Creditor believes it important to file an objection, if only to indicate to the Court that it was not acquiescing to Huntington's requested relief by not objecting thereto.

[2] Motion, ¶ 3

conveyances, and in any event, frustrating one creditor's attempt to collect against you by filing bankruptcy is not necessarily an indicia of fraud.

Second, Huntington admits that it "does not have all the details of the fraud[3]" and several times mentions it believes there are "smoking guns[4]" that purportedly indicate fraud on the part of the Debtor. Just because a gun is smoking is not proof a crime was committed, and similarly, not all transfers are necessarily fraudulent. Huntington is asking for emergency relief for transfers that have already been made – a request that is both too late because any transfers are complete, and premature because no one has any clear and convincing proof that said transfers were fraudulent.

To be clear, any large transfer by a debtor made prior to filing bankruptcy is concerning. But at this stage, the emergency appointment of a Chapter 11 Trustee is not warranted, given the lack of evidence of fraud and fact that any transfers have already occurred. Despite what Huntington contends are the "the relatively minor administrative costs[5]" that will flow from the appointment of a Chapter 11 Trustee, Creditor believes those costs may be substantial, will greatly complicate this case, and may inhibit the Debtor from fulfilling his other obligations to this and other creditors.

Huntington has other options available to it to determine whether the Debtor has made fraudulent transfers – for example, it could move for the appointment of an examiner under 11 U.S.C. 1104(c), which seems more appropriate given Huntington's speculative allegations. That said, at this stage of the proceedings, Creditor does not concede that the appointment of an

---

[3] *Id.*

[4] *See* Motion, ¶s 4, 5, 15, 30, 31, and 39

[5] *See* Motion, ¶ 47

examiner would be appropriate, though it seems to be a more appropriate action than appointing a Chapter 11 Trustee.

Creditor does not believe that it is in its interest and the interest of other creditors and stakeholders that a Chapter 11 Trustee be appointed at this stage of the proceedings. Accordingly, Creditor requests that Huntington's Emergency Motion for the Appointment of Chapter 11 Trustee be DENIED.

Respectfully submitted,

/s/ Wm. Douglas Haman
Douglas Haman (0069781)
LAW OFFICE OF DOUGLAS HAMAN, ESQ., LLC
P.O. Box 14328
Cincinnati, Ohio 45250
[T] 513.702.2112
[E] doughaman@wdhlaw.com
Counsel for Creditor

Note to the Court and all parties:

Creditor intends to appear telephonically at the March 15, 2023 hearing and will not be offering any witnesses or exhbits.

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023 a true and accurate copy of the foregoing Notice of Appearance and Request for Notice was served on the following registered ECF participants electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee
ustpregion09.ci.ecf@usdoj.gov
david.austin2@usdoj.gov

Christopher P. Schueller
christopher.schueller@bipc.com
*Counsel for The Huntington National Bank*

Eric W. Goering
eric@goering-law.com
*Counsel for Debtor*

All other registered ECF participants in this case

and the following served via Ordinary U.S. Mail, postage prepaid:

Raymond Joseph Schneider
3515 Tiffany Ridge Lane
Cincinnati, OH 45241
*Debtor in Possession*

/s/ Wm. Douglas Haman
Douglas Haman